UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES M. CYZE,

               Plaintiff,

vs.                                            Civil Action No. 07 C 2357

RR DONNELLEY & SONS COMPANY,
BANTA CORPORATION,
STEPHANIE A. STREETER, and
MICHAEL B. ALLEN,

               Defendants.

## ANSWER

The defendants, by their undersigned attorneys, as and for their answer to plaintiff's complaint, admit, deny, allege, and show to the Court as follows:

## NATURE OF COMPLAINT

1.      As to paragraph 1 of plaintiff's complaint, defendants admit that plaintiff seeks damages for alleged breach of contract; and otherwise deny each and every remaining allegation set forth in said paragraph 1.

## PARTIES

2-3.      Defendants admit the allegations set forth in paragraphs 2 and 3 of plaintiff's complaint.

4.      Defendants deny each and every allegation set forth in paragraph 4 of plaintiff's complaint.

5-6.    Defendants admit the allegations set forth in paragraphs 5 and 6 of plaintiff's complaint.

7.    As to paragraph 7 of plaintiff's complaint, defendants deny that defendant Allen is a resident of Oak Brook, Illinois; and otherwise admit the remaining allegations set forth in said paragraph 7.

## COMMON ALLEGATIONS

8-9.    Defendants admit the allegations set forth in paragraphs 8 and 9 of plaintiff's complaint.

10.    Defendants deny each and every allegation set forth in paragraph 10 of plaintiff's complaint, affirmatively alleging in this regard, however, that plaintiff did contribute materially to the turnaround of the Chicago facility and was responsible for strengthening the Direct Marketing Group sales force.

11.    As to paragraph 11 of plaintiff's complaint, defendants allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning intra-corporate transactions between the literature management business and the Direct Marketing Group; deny that the level of such transactions, whatever it was, was the result solely of plaintiff's efforts; and otherwise deny each and every remaining allegation set forth in said paragraph 11.

12.    Defendants admit the allegations set forth in paragraph 12 of plaintiff's complaint, affirmatively alleging in this regard that defendant Streeter – whom plaintiff accuses of having a personal animus against him – went out of her way to praise the Direct Marketing Group.

2

13.     As to paragraph 13 of plaintiff's complaint, defendants deny that defendant Streeter was honored with the referenced award, affirmatively alleging in this regard that Banta Corporation and not any individual was so honored; admit that the award was given in part for direct mail production, affirmatively alleging in this regard that it was also given in part for literature management; admit that direct mail production was the responsibility of plaintiff's business unit; admit that the award is prestigious; admit that it is given to Best Buy's top 12 suppliers worldwide; admit that any date in July, 2006 would have been days – specifically, 28 days or fewer – before plaintiff's termination; and otherwise deny each and every remaining allegation set forth in said paragraph 13.

14.     As to paragraph 14 of plaintiff's complaint, defendants admit that plaintiff received performance bonuses in 2004 and 2005; allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegation that such bonuses were "record" bonuses; and otherwise deny each and every remaining allegation set forth in said paragraph 14.

15.     Defendants admit that a facility under plaintiff's management received the referenced award, affirmatively alleging in this regard that this achievement resulted from defendants Streeter and Allen, among others in Banta senior management, choosing that facility as a pilot site for such an initiative and providing significant corporate resources in support of that initiative, as well as from the efforts of plaintiff and those who worked with him; deny that plaintiff's group "led the way", affirmatively alleging in this regard that the achievement reflected joint effort at the group and the corporate level, to which plaintiff's group materially contributed but for which it was not solely responsible; and otherwise deny each and every remaining allegation set forth in said paragraph 15.

3

16.     As to paragraph 16 of plaintiff's complaint, defendants deny that plaintiff "rebuilt" the referenced business group, affirmatively alleging in this regard, however, that he materially contributed to a substantial turnaround of that group and a strengthening of its sales force; admit that plaintiff substantially increased the number of well-known and million-dollar per year customers served by the group; and otherwise allege that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in said paragraph 16.

17.     Defendants admit the allegations set forth in paragraph 17 of plaintiff's complaint, affirmatively alleging in this regard, however, that plaintiff's business group subsequently lost approximately one-third of the Discover business.

18.     Defendants admit the allegations set forth in paragraph 18 of plaintiff's complaint, affirmatively alleging in this regard that defendants Streeter and Allen, whom plaintiff accuses of having had a personal animus against him, were leading sources of such comments in a variety of forums.

19.     Defendants admit the allegations set forth in paragraph 19 of plaintiff's complaint.

20.     As to paragraph 20 of plaintiff's complaint, defendants allege that the referenced agreement is in writing and speaks for itself, admit the allegations set forth in said paragraph 20 concerning the terms and contents of such agreement insofar as the same are congruent therewith, and otherwise deny each and every such allegation.

21.     As to paragraph 21 of plaintiff's complaint, defendants allege that the purposes of plaintiff's agreement, like the purposes of comparable agreements with numerous other key executives, included provision of reasonable security against loss of employment or

4

altered conditions of employment which could result from a change in control, admit the allegations set forth in said paragraph 21 concerning the intent of the KEESA agreement insofar as the same are congruent with such affirmative allegation, and otherwise deny each and every such allegation; admit that such agreements are commonly referred to as "golden parachutes" in American business; admit that payments under such agreements are sometimes referred to as "parachute payments," denying, on information and belief, however, that the agreements themselves are commonly referred to in that way; and otherwise deny each and every remaining allegation set forth in said paragraph 21.

22-24.  As to paragraphs 22 through 24 of plaintiff's complaint, defendants allege that the referenced agreement is in writing and speaks for itself, admit the allegations concerning the terms and content of that agreement insofar as the same are congruent therewith, and otherwise deny each and every such allegation.

25.     As to paragraph 25 of plaintiff's complaint, defendants deny that plaintiff was terminated without cause on July 20, 2006, affirmatively alleging in this regard that he was notified on that date of termination which was at that time expected to take place on August 31, 2006, without cause, but in fact occurred earlier and with cause; deny that RR Donnelley's purchase of Banta's stock was finalized on October 30, 2006, affirmatively alleging in this regard that it was in fact announced the following day and finalized on January 9, 2007; and otherwise deny each and every remaining allegation set forth in said paragraph 25.

26.     As to paragraph 26 of plaintiff's complaint, defendants admit that January 9, 2007 is within 180 days of the date of plaintiff's termination; deny that plaintiff is entitled to any benefits under the referenced agreement other than those benefits that he received, either pursuant to ¶ h(ii) of that agreement or on any other basis; deny that a change in control was

CHIC_1441954.1

anticipated at the time plaintiff's employment with Banta was terminated; deny that plaintiff's employment was terminated in anticipation of any change in control, much less in anticipation of the change in control that occurred; and otherwise deny each and every remaining allegation set forth in said paragraph 26.

27.     As to paragraph 27 of plaintiff's complaint, defendants admit that Banta retained Pricewaterhouse in early 2006; and deny each and every remaining allegation set forth in said paragraph 27.

28.     Defendants deny each and every allegation set forth in paragraph 28 of plaintiff's complaint.

29-30.  Defendants admit the allegations set forth in paragraphs 29 and 30 of plaintiff's complaint.

31.     As to paragraph 31 of plaintiff's complaint, defendants allege that the referenced document is in writing and speaks for itself, admit the allegations concerning the terms and contents of such document insofar as the same are congruent therewith, and otherwise deny each and every such allegation.

32.     As to paragraph 32 of plaintiff's complaint, defendants admit that Pricewaterhouse based its computations on information provided by Banta; and otherwise deny each and every remaining allegation set forth in said paragraph 32.

33.     Defendants deny each and every allegation set forth in paragraph 33 of plaintiff's complaint.

34.     Defendants admit the allegations set forth in paragraph 34 of plaintiff's complaint.

CHIC_1441954.1

35.     As to paragraph 35 of plaintiff's complaint, defendants deny that the referenced portion of the Buck Consultants report said that Banta's Group Presidents were each slightly above the desired market position in all components of pay, affirmatively alleging in this regard that it in fact said that this was true of the Group Presidents as a whole, that it specifically noted that, "Individual variances exist among Group Presidents" and that, "The Group President, Direct Marketing has the highest variance above the market (23% above market)"; admit that plaintiff was at the time of the report the Group President for Banta's Direct Marketing Group; and otherwise deny each and every remaining allegation set forth in said paragraph 35.

36-37.  Defendants admit the allegations set forth in paragraphs 36 and 37 of plaintiff's complaint.

38.     As to paragraph 38 of plaintiff's complaint, defendants deny that plaintiff was singled out for juvenile or humiliating treatment during his employment at Banta; admit that Larry Panozzo made the comment attributed to him during plaintiff's first meeting with defendant Streeter, affirmatively alleging in this regard that everyone present, including plaintiff, treated this as a jocular remark that was intended to be humorous and that, far from taking offense or suggesting that he felt humiliated, plaintiff laughed at the comment; admit that defendant Streeter joined in plaintiff's laughter rather than reprimanding Panozzo in front of the group; deny each and every allegation concerning defendant Streeter's actions at the October, 2001 budget meeting; and otherwise deny each and every remaining allegation set forth in said paragraph 38.

39.     As to paragraph 39 of plaintiff's complaint, defendants deny that plaintiff consistently outperformed other Group Presidents; allege that the allegation that the group under plaintiff's control was "very successful for Banta over the years" is too vague to be intelligently

7

admitted or denied and accordingly allege that they lack knowledge or information sufficient to form a belief as to the truth of the same, affirmatively alleging in this regard, however, that the performance of plaintiff's group was in fact mixed over the years, with highly creditable improvements in performance in some periods being combined with quite disappointing results its other periods, including the two quarters immediately preceding plaintiff's termination; and otherwise deny each and every remaining allegation set forth in said paragraph 39.

40.     As to paragraph 40 of plaintiff's complaint, defendants admit that defendant Allen became president of Banta's Print Sector, and thus plaintiff's immediate superior, in 2004; admit that both plaintiff and defendant Allen had previously worked at defendant RR Donnelley; admit that defendant Allen did not hide his feelings about plaintiff, either when he was hired or thereafter, but deny that those feelings were negative, affirmatively alleging in this regard that, on the contrary, while plaintiff had some weaknesses defendant Allen's view of his performance as a manger at the tactical, "point-of-attack" level was quite positive; deny that defendant Allen told plaintiff, either at their first meeting or thereafter, that he did not like the direct marketing business; deny that defendant Allen either felt or displayed open animosity or, for that matter, any other variety of animosity for plaintiff during their joint tenure at Banta or at any other time; and otherwise deny each and every remaining allegation set forth in said paragraph 40.

41.     Defendants deny each and every allegation set forth in paragraph 41 of plaintiff's complaint.

42.     As to paragraph 42 of plaintiff's complaint, defendants admit that Banta notified plaintiff on July 20, 2006 that his employment with Banta would be terminated; deny that Banta told him that the termination would be effective August 1, 2006, affirmatively

8

alleging in this regard that, as recited in Exhibit 7, the effective date of termination specified at that time was in fact August 31, 2006; admit that Banta had not notified plaintiff of his termination prior to July 20th, affirmatively alleging in this respect, however, that on July 20th Banta in fact gave plaintiff approximately six weeks' notice of the termination of his employment; admit that the reason for termination of plaintiff's employment on July 20th was not cause in the sense of misconduct on plaintiff's part, affirmatively alleging in this regard, however, that subsequent wrongful acts by plaintiff represented ample grounds for termination of his employment for cause; admit that a termination agreement with the title alleged in said paragraph 42 is attached to plaintiff's complaint as Exhibit 7; deny that such agreement says what plaintiff alleges it does concerning the termination date of his Banta employment; and otherwise deny each and every remaining allegation set forth in said paragraph 42.

43.      As to paragraph 43 of plaintiff's complaint, defendants admit that defendant Allen informed plaintiff on July 20th of the termination of his employment; admit that he told plaintiff at this time that the termination was not based on performance, with specific reference to the very disappointing performance of plaintiff's business group during the first two quarters of 2006; admit that he told plaintiff that there was going to be a change in the corporation, affirmatively alleging in this regard, however, that as plaintiff understood perfectly well at the time (and, in fact, improperly disclosed to others) the change referred to was an internal corporate restructuring undertaken in order to consolidate five business units down to two in order to reduce infrastructure and overhead expenses, not a change in control; and otherwise deny each and every remaining allegation set forth in said paragraph 43.

44.     Defendants admit the allegations set forth in paragraph 44 of plaintiff's complaint, affirmatively alleging and incorporating herein by reference as if set forth in full the statements of fact appearing in Exhibit 8 to plaintiff's complaint.

45.     As to paragraph 45 of plaintiff's complaint, defendants deny that plaintiff was terminated in anticipation of a change in control; admit that plaintiff revoked the proposed agreement enclosed with Exhibit 8; deny that he revoked it because he realized that he had been terminated in anticipation of a change in control; and otherwise deny each and every remaining allegation set forth in said paragraph 45.

46.     As to paragraph 46 of plaintiff's complaint, defendants admit that plaintiff was notified of the impending termination of his Banta employment days – specifically, six days – after the July 14, 2006 Bucks Consulting Report; admit that plaintiff and Kimberly Williams were identified in that report and were fired; admit that the other Banta Group Presidents identified in that report were not fired; allege that the allegation that Kimberly Williams "had consistently underperformed at her position" is too vague to be intelligently admitted or denied and accordingly allege that they lack knowledge or information sufficient to form a belief as to the truth of the same; deny that plaintiff had consistently exceeded expectations; deny that plaintiff had consistently led his business group to record earnings; admit that defendant Allen told plaintiff that termination of his employment was not based on performance; admit that defendant Allen told plaintiff that there was going to be a change in the corporation, incorporating by reference herein, as if set forth in full, the affirmative allegation in this regard set forth in paragraph 43 of this answer; and otherwise deny each and every remaining allegation set forth in said paragraph 46.

10

47.     Defendants admit the allegations set forth in paragraph 47 of plaintiff's complaint.

48.     As to paragraph 48 of plaintiff's complaint, defendants admit that August 9th is less than two weeks after July 28th; deny that plaintiff's termination on July 28th was without cause, affirmatively alleging in this regard that, in contrast to the situation on July 20th when defendant Allen first notified plaintiff of the impending termination of his employment, plaintiff's early termination on July 28th was for cause; and otherwise deny each and every remaining allegation set forth in said paragraph 48.

49-51.  As to paragraphs 49 through 51 of plaintiff's complaint, defendants deny the truth of the purported statements of fact appearing in the referenced correspondence; and otherwise admit the remaining allegations set forth in said paragraphs 49 through 51..

52.     Defendants deny each and every allegation set forth in paragraph 52 of plaintiff's complaint, affirmatively alleging in this regard that the purchase of all of the stock in Banta by R.R. Donnelley & Sons Company was finalized on January 9, 2007, with Banta retaining its separate corporate identity.

53-54.  Defendants deny each and every allegation set forth in paragraphs 53 and 54 of plaintiff's complaint.

55.     As to paragraph 55 of plaintiff's complaint, defendants admit that plaintiff demanded payment under his KEESA agreement; admit that he invoked the change in control arising from RR Donnelley's acquisition of Banta's stock as a pretext for that demand; admit that Banta rejected plaintiff's demand; admit that one of the reasons for such rejection is the fact that no change in control was in prospect or otherwise anticipated at the time plaintiff was advised of his impending termination or at the time such termination occurred; admit that August 8, 2006 is

11

days – specifically, 19 days – after July 20, 2006 and 11 days after July 28, 2006; and otherwise deny each and every remaining allegation set forth in said paragraph 55.

56.     As to paragraph 56 of plaintiff's complaint, defendants admit that in early 2006 Banta Group Presidents and, upon information and belief, other Banta executives discussed concerns about missing quarterly goals and the potential impact of such shortfalls on Banta's stock price; allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegation that unspecified executives expressed the view that a drop in stock price would make Banta an attractive takeover target, affirmatively alleging in this regard that no executives known to defendants did so; and otherwise deny each and every remaining allegation set forth in said paragraph 56.

57-62.  Defendants deny each and every allegation set forth in paragraphs 57 through 62 of plaintiff's complaint.

## FIRST CLAIM
## AGAINST RR DONNELLEY

63.     Defendants reallege and incorporate by reference as if set forth fully herein the admissions, denials, and affirmative allegations set forth in paragraphs 1 through 62 of this answer.

64-68.  Defendants deny each and every allegation set forth in paragraphs 64 through 68 of plaintiff's complaint.

12

## SECOND CLAIM
## AGAINST BANTA

69.     Defendants reallege and incorporate by reference as if set forth fully herein the admissions, denials, and affirmative allegations set forth in paragraphs 1 through 68 of this answer.

70-73.  Defendants deny each and every allegation set forth in paragraphs 70 through 73 of plaintiff's complaint.

## THIRD CLAIM
## AGAINST STEPHANIE STREETER

74.     Defendants reallege and incorporate by reference as if set forth fully herein the admissions, denials, and affirmative allegations set forth in paragraphs 1 through 73 of this answer.

75-80.  Defendants deny each and every allegation set forth in paragraphs 75 through 80 of this answer.

## FOURTH CLAIM
## AGAINST MICHAEL ALLEN

81.     Defendants reallege and incorporate by reference as if set forth fully herein the admissions, denials, and affirmative allegations set forth in paragraphs 1 through 80 of this answer.

82-87.  Defendants deny each and every allegation set forth in paragraphs 82 through 87 of plaintiff's complaint.

13

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses to plaintiff's complaint, defendants allege and show to the Court as follows:

88.     One or more of the counts asserted in plaintiff's complaint fails to state a claim upon which relief can be granted.

89.     Plaintiff's claims under his KEESA agreement are barred by the failure of conditions precedent and/or conditions subsequent to any right of recovery thereunder.

90.     R.R. Donnelley & Sons Company, as a shareholder of Banta, has not in fact succeeded to any of Banta's obligations under any agreement with plaintiff, is not in privity of contract with plaintiff, and accordingly is not a proper party defendant in this action.

91.     Plaintiff has failed to mitigate his damages, if any.

92.     Plaintiff has contributed by his own fault to his claimed injury, if any, and is barred by such contributory fault from any recovery herein.

93.     Plaintiff's claims are barred by plaintiff's wrongful conduct in improperly disclosing Banta's restructuring plans, knowing that they were highly sensitive and confidential, and plaintiff is estopped by such misconduct from pursuing any of the claims he has asserted.

94.     All conduct of defendants Streeter and Allen was commercially privileged.

95.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

WHEREFORE defendants demand dismissal of plaintiff's complaint, on its merits and with prejudice, and judgment against plaintiff in the amount of defendants' costs, disbursements, and attorneys' fees herein.

s/ Karen A. Kawashima
Attorney Bar Number:  6286556

14

**Attorney for Defendants**
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago IL  60610-4764
Telephone:  (312) 832-4382 direct
Telephone:  (312) 832-4500 general
Facsimile:  (312) 832-4700
Email:  kkawashima@foley.com

OF COUNSEL:
Michael A. Bowen
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee WI  53202-5306
Telephone:  (414) 297-5538 (direct)
Telephone:  (414) 271-2400 (general)
Facsimile:  (414) 297-4900
E-mail:  mbowen@foley.com

15

## CERTIFICATE OF SERVICE

I, Karen A. Kawashima, an attorney, do hereby certify that I caused a true and

correct copy of the foregoing Answer to be served by U.S. Mail and by Email on the following:

Stephen P. Carponelli
Carponelli & Krug
230 West Monroe Street
Suite 250
Chicago, IL  60606
eastonlaw@aol.com


_____
Karen A. Kawashima

CHIC_1441954.1